*John P. Ross,* for defendant.

---

## 1672.   CITY OF LYONS *v.* KELLEY.

The plaintiff had no legal interest in the contract of subscription sued upon, and, therefore, no legal right to sue; and the petition was properly dismissed on demurrer.

Complaint, from city court of Savannah—Judge Freeman. December 28, 1908.

Argued March 10,—Decided June 29, 1909.

*Thomas J. Parrish, Twiggs & Gazan,* for plaintiff.

*Garrard & Meldrim,* for defendant.

HILL, C. J.   The City of Lyons brought suit against James F. Kelley, on the following writing: "We, the undersigned, agree to pay the amounts opposite our names, for the purpose of erecting a court-house and jail at Lyons, Georgia, should the County of Toombs be formed and Lyons is chosen as its county site." Subscribed to this writing appears the name of Kelley, with the names of other subscribers. The petition alleged, that the County of Toombs was formed by the legislature and Lyons chosen as its county seat; that the court-house and jail were erected; that the defendant had refused to pay on demand the amount of his subscription; and that the contract of subscription was based upon a valuable consideration, to wit, the mutual promises of the subscribers thereto. The defendant demurred generally and specially, and the court sustained the demurrers and dismissed the petition; and this judgment constitutes the error assigned.

"As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested." Civil Code, §4939. Indeed, it is elementary that every party who brings a suit must show some legal right to bring the suit. The City of Lyons, the plaintiff in the present case, does not appear to be a party to the contract, nor is there any allegation that it has any legal interest in the subject-matter of the contract. Certainly the city has no more in-

terest in the contract than any citizen of the town, and not as much interest as the County of Toombs. Under §3661 of the Civil Code, "in mutual subscriptions for a common object, the promise of the others is a good consideration for the promise of each;" and if any of these subscribers had built the court-house and jail, relying upon the promise of any other co-subscriber, they might possibly have had a right of action to enforce payment. But no promise was made to the City of Lyons; and so far as appears, the City of Lyons, even if it had any authority to do so, expended no money in the erection of the court-house for the county, relying upon the promises of the subscribers to pay the amount of their subscriptions. But we are not called upon to decide if any one could bring suit on this contract of subscription, but whether or not the City of Lyons could. We know of no law that would authorize the City of Lyons to bring the suit, and our attention has not been called to any  The question seems to be too plain for further discussion.                    *Judgment affirmed.*